# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIXTO CRUZ MURILLO,<br><br>    Petitioner,<br><br>    v.<br><br>CDCR ADMINISTRATION,<br><br>    Respondent. | Case No. 1:25-cv-00495-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE |

Petitioner Cixto Cruz Murillo is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the undersigned recommends that the petition be dismissed.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

///

///

**A. Unauthorized Successive Petition**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656–57 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given a petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

To the extent Petitioner challenges his 2000 Tulare County Superior Court convictions, (ECF No. 1 at 2, 3[1]), the Court notes that Petitioner previously sought federal habeas relief in this Court with respect to the same convictions, and the petition was dismissed without leave to amend because "Petitioner ha[d] not alleged specific facts that point to a real possibility of constitutional error affecting the fact or duration of his confinement" and "[t]here [wa]s no basis for a conclusion that Petitioner could state tenable claims if leave to amend were granted." Order at 8, Murillo v. The Fifth Appellate Court, No. 1:12-cv-00656-SKO-HC (E.D. Cal. July 23, 2012), ECF No. 15.[2] See also Murillo v. Coullard, No. 1:14-cv-02035-SAB (dismissed as successive); Murillo v. Cruz, No. 1:23-cv-00136-JLT-SKO (same). The Court finds that the

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.
[2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

instant petition is "second or successive" under 28 U.S.C. § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) ("A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits. A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court."). As Petitioner has already filed a petition for writ of habeas corpus regarding his 2000 Tulare County convictions, he cannot file another petition in this Court regarding the same convictions without first obtaining permission from the United States Court of Appeals for the Ninth Circuit. Here, Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for relief under § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

**B. Cognizability in Federal Habeas Corpus**

1. Ground One

In Ground One, Petitioner asserts that he has been imprisoned with the wrong Social Security number. (ECF No. 1 at 3.) Petitioner contends that he qualifies for the Elderly Parole Program, Assembly Bill 3234, and asserts a violation of the "Racial Injustice Act."[3] (Id.)

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Whether Petitioner is entitled to relief pursuant to the Elderly Parole Program, Assembly Bill 3234, or the Racial Justice Act are issues of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (per curiam) ("[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990))). Accordingly, Petitioner fails to state a cognizable clam for federal habeas corpus relief in Ground One.

---

[3] Petitioner appears to be referring to the California Racial Justice Act of 2020.

2. <u>Ground Two</u>

It is unclear what claim Petitioner is raising in Ground Two. The language is difficult to decipher and comprehend. The petition mentions "Coleman v. Brown," "Plata/Coleman," and "Clark/Armstrong," which appear to reference various class action lawsuits concerning the conditions of California state prisons. See <u>Brown v. Plata</u>, 563 U.S. 493, 500 (2011) (describing <u>Coleman v. Brown</u> as a class action involving a class of prisoners with serious mental disorders and <u>Plata v. Brown</u> as a class action involving prisoners with serious medical conditions); <u>Clark v. California</u>, 739 F. Supp. 2d 1168, 1172 (N.D. Cal. 2010) (describing settlement agreement that required California to comply with a remedial plan "to ensure that California prisoners with developmental disabilities were protected from serious injury and discrimination on the basis of their disability"); <u>Armstrong v. Wilson</u>, 124 F.3d 1019, 1021 (9th Cir. 1997) ("A certified class of all present and future California state prison inmates and parolees with disabilities sued California state officials in their official capacities, seeking injunctive relief for violations of the RA [Rehabilitation Act of 1973] and the ADA [Americans with Disabilities Act] in state prisons.").

A claim is cognizable in habeas when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141–42 (1991); <u>Preiser</u>, 411 U.S. at 499. The Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus." <u>Nettles v. Grounds</u>, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) (citing <u>Crawford v. Bell</u>, 599 F.2d 890, 891–92 (9th Cir. 1979)). To the extent Petitioner challenges his conditions of confinement in Ground Two, Petitioner has failed to state a cognizable claim for federal habeas corpus relief. See <u>Pinson v. Carvajal</u>, 69 F.4th 1059, 1073 (9th Cir. 2023) ("[A] successful claim sounding in habeas necessarily results in release, but a claim seeking release does not necessarily sound in habeas.").

///

"If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles, 830 F.3d at 936 (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388).

Due to these differences and the disadvantages that recharacterization may have on Petitioner's claims, the undersigned finds that it would be inappropriate to construe the habeas petition as a civil rights complaint under 42 U.S.C. § 1983. The Court notes that the filing fee for § 1983 civil rights cases is $350, and Petitioner is required to pay the full amount by way of deductions from income to Petitioner's trust account, even if granted *in forma pauperis* status. See 28 U.S.C. § 1915(b)(1). Moreover, the petition names CDCR Administration as Respondent and thus, may not name the correct defendants. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

## II.

## RECOMMENDATION AND ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as an unauthorized successive petition and for failure to state a cognizable federal habeas claim.

Further, the Court DIRECTS the Clerk of Court to assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within

**THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 10, 2025**          /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE